U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ROSETTA M. ANEMI,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a
Foreign Corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **ROSETTA M. ANEMI**, by and through undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Corporation**, and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC § 1333(1) (admiralty) and the contractual language contained in the cruise ticket.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff ROSETTA M. ANEMI, was and is a resident of Canada and at all times material was a passenger on Defendant's vessel, the "Glory".

5. At all times material, Defendants, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   C. Operated vessels and provided vessels for cruises in the waters of this state;

   D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, the defendant is subject to the jurisdiction of this Honorable Court due to the foregoing and 28 U.S.C. §1333 (1) and 28 USC § 1332 (a)(1);

   E. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letter attached as Exhibit "A"). (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

7. On or about October 28, 2014[1], Defendant owned and operated a passenger cruise ship known as the "**GLORY**."

8. At such time and place, Plaintiff, **ROSETTA M. ANEMI**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive

---

[1] The Statute of Limitations has been extended by agreement between the parties until 12/28/15.

consent of Defendant.

9. On October 28, 2014, while on board the **GLORY**, which was operating in navigable waters, the Plaintiff, **ROSETTA M. ANEMI**, was seriously injured when she slipped and fell on a wet deck surface as she was walking in the Chevy Ave Restaurant Area on Deck 9, seriously injured.

10. At all times material hereto Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

11. Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

A. Failing to exercise reasonable care for the safety of its passengers by creating a dangerous condition on the outdoor surface of Deck 9 of the Carnival Glory;

B. Failing to properly maintain the deck surfaces/walkway in and around the outdoor surface of Deck 9 in a reasonably safe condition;

C. Failing to inspect the deck and walking surfaces of the outdoor surface of Deck 9 in a sufficient and diligent manner to determine the presence of foreign, transitory substances;

D. Failing to provide a reasonable walkway and deck surface in the outdoor surface of Deck 9 on its vessel, reasonably designed for use by its passengers;

E. Failing to warn passengers, including Plaintiff of the wet deck surface in the outdoor surface, the existence of which Defendant knew of or in the exercise of reasonable care should have known in the subject area of Deck 9;

F. Negligently establishing and enforcing a method of operation on Deck 9 for inspection and maintenance of the deck and walkway surfaces where Plaintiff fell;

G. Allowing a dangerous condition to exist notwithstanding many prior similar injury incidents on the outdoor surface of Deck 9 on this and other vessels in its fleet and this class, including the area where Plaintiff fell;

H. Failing to train crew members in the assessment, inspection, discovery, and cleaning of food and liquid on the deck surfaces in the area around the outdoor surface of Deck 9 aboard the Carnival Glory;

I. Failing to comply with its own internal policies and procedures established by the ISM Code, SQMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and IMO.

12. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **ROSETTA M. ANEMI**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

Case 1:15-cv-24741-DPG   Document 1   Entered on FLSD Docket 12/28/2015   Page 5 of 5
Anemi v. Carnival Corporation d/b/a Carnival Cruise Lines
Complaint for Damages
Page 5

**WHEREFORE**, Plaintiff, **ROSETTA M. ANEMI**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: December 28, 2015.

                LAW OFFICE OF GLENN J. HOLZBERG
                Offices at Pinecrest II, Suite 220
                7685 S.W. 104th Street
                Miami, Florida 33156
                Telephone: (305) 668-6410
                Facsimile:   (305) 667-6161

BY:    */s/ Glenn J. Holzberg*_____
           GLENN J. HOLZBERG
           Fla. Bar # 369551